*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*(973) 645-2700*

2018R00781
JSG/PL AGR

January 6, 2022

M. Anthony Brown
Spertus, Landes & Umhofer LLP
617 West 7th Street, Suite 200
Los Angeles, CA 90017
213.205.6520

Re: Plea Agreement with Lauren Philhower
Criminal 22-334 (PGS)

Dear Mr. Brown:

This letter sets forth the plea agreement between your client, Lauren Philhower ("Philhower"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **January 21, 2022**, if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Philhower to an Information charging Philhower with knowingly and willfully conspiring to use the mail or any facility in interstate commerce with the intent to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, namely to offer and pay kickbacks and bribes to induce referrals of individuals to a drug treatment centers contrary to California Insurance Code § 750 and 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371. If Philhower enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Philhower for her role in a scheme to pay kickbacks for patient referrals to her rehabilitation facilities from in or about June 2017 through in or about October 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Philhower agrees that any dismissed charges and any

other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Philhower may be commenced against Philhower, notwithstanding the expiration of the limitations period after Philhower signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Philhower agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Philhower is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Philhower ultimately will receive.

Further, in addition to imposing any other penalty on Philhower, the sentencing judge: (1) will order Philhower to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Philhower to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Philhower, pursuant to 18 U.S.C. § 3555, to give notice to any victims of Philhower's offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and (5) pursuant to 18 U.S.C. § 3583, may require Philhower to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Philhower be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Philhower may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, Philhower agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense. This amount shall be at least $675,325.26.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Forfeiture

As part of her acceptance of responsibility, Philhower agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, constituting or derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy offense contrary to 18 U.S.C. § 1952(a)(3) and in violation of 18 U.S.C. § 371, charged in the Information. Philhower further agrees that the value of such property was $337,662.63; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by Philhower, in an amount not to exceed $337,662.63 (the "Forfeiture Amount"). Philhower consents to the entry of an order requiring her to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to Philhower prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Philhower further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Philhower's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Philhower waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Philhower understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Philhower waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Philhower's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Philhower further agrees that not later than the date she enters her plea of guilty she will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Philhower fails to provide a complete and accurate Financial Disclosure Statement by the date she enters her plea of guilty, or if this Office determines that Philhower has intentionally failed to disclose assets on his Financial Disclosure Statement, Philhower agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Philhower by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Philhower's activities and relevant conduct with respect to this case.

Stipulations

This Office and Philhower agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings

and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Philhower from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Philhower waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Philhower understands that, if she is not a citizen of the United States, her guilty plea to the charged offense may result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Philhower understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Philhower wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Philhower understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Philhower waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Philhower. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Philhower.

No provision of this agreement shall preclude Philhower from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Philhower received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Philhower and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: JASON S. GOULD
RYAN O'NEILL
Assistant U.S. Attorneys

APPROVED:

LEE M. CORTES, JR.
Chief, Health Care Fraud Unit

I have received this letter from my attorney, M. Anthony Brown, Esq. I have read it, and I understand it fully. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

____________________ Date: 1/19/2022
Lauren Philhower

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

____________________ Date: 01-20-22
M. Anthony Brown, Esq.

Plea Agreement With Lauren Philhower

Schedule A

1. This Office and Philhower recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Philhower nevertheless agree to the stipulations set forth here.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is a conspiracy to violate the Travel Act, the applicable guideline is U.S.S.G. § 2E1.2.

4. Under U.S.S.G. § 2E1.2(a)(2) and Application Note 2, because the underlying conduct violates state law—specifically, California Insurance Code § 750—the offense level corresponding to the most analogous federal offense is to be used. The most analogous federal offense here is the federal Anti-Kickback Statute (42 U.S.C. § 1320a-7b), which corresponds to U.S.S.G. § 2B4.1.

5. The Base Offense Level is 8. U.S.S.G. § 2B4.1(a).

6. Because the value of the improper benefit to be conferred was more than $550,000 but not more than $1,500,000, within the meaning of U.S.S.G. § 2B1.1(b)(1)(H), there is an increase of 14 levels. U.S.S.G. § 2B4.1(b)(1)(B).

7. Accordingly, the total offense level is 22.

8. As of the date of this letter, it is expected that Philhower will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Philhower's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

9. As of the date of this letter, it is expected that Philhower will assist authorities in the investigation or prosecution of her own misconduct by timely

notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Philhower's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Philhower enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Philhower's acceptance of responsibility has continued through the date of sentencing and Philhower therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Philhower's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Philhower is 19 (the "agreed total Guidelines offense level").

11. Pursuant to 18 U.S.C. § 3553(a), Philhower reserves the right to move for a downward variance. This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

12. Philhower knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.